# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| **RICKEY BELL, Individually and on Behalf of All Others Similarly Situated,** | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:17-cv-49 |
| V. | § § | JURY TRIAL DEMANDED |
| **JAN RESOURCES, LLC, KATHRYN JACOBS-HELLER, JAMES LOFTON, and JAMES LEE.** | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.      COLLECTIVE ACTION AND JURY DEMAND

1.      Defendants JAN Resources, LLC, Kathryn Jacobs-Heller, James Lofton, and James Lee ("Defendants") required Plaintiff Rickey Bell ("Plaintiff") to work more than forty (40) hours in a workweek a water treatment operator. During Plaintiff's employment with Defendants, he was paid under two compensation regimes, each of which violates the Fair Labor Standards Act ("FLSA"). First, Defendants misclassified Plaintiff as an independent contractor and paid him a flat weekly salary. Second, Defendants reclassified Plaintiff as an employee but paid him only a day rate without overtime.

2.      Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.      Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former water treatment operators and

1

individuals in substantially similar positions during the three-year period before the filing of this Complaint. Members of the Collective Action are hereinafter referred to as "Class Members."

## II. SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas, Midland Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division. Specifically, Plaintiff and many other water treatment operators worked for Defendants in this District.

## III. PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Rickey Bell is an individual residing in Ector County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The "Class Members" are all current and former water treatment operators or individually in substantially similar positions who performed work for Defendants during the three-year period before the filing of this Complaint.

8. Defendant JAN Resources, LLC is a domestic limited liability company that may be served process through its registered agent Kathryn R. Jacobs Heller at 2 Fries Ct., Houston, Texas 77055, or wherever she may be found.

9. Defendant Kathryn Jacobs-Heller is an individual residing in Houston, Texas. She may be served process at her home address of 2 Fries Ct., Houston, Texas 77055 or wherever she may be found.

10. Defendant James Lee is an individual residing in Justin, Texas. He may be served process at his home address of 9231 Avery Ranch Way Justin, TX 76247 or wherever he may be found.

11. Defendant James Lofton is an individual residing in Houston, Texas. He may be served process at his home address of 2 Fries Ct., Houston, Texas 77055 or wherever he may be found.

12. This Court has personal jurisdiction over Defendant JAN Resources, LLC because it is a Texas company.

13. This Court has personal jurisdiction over Defendant Jacobs-Heller because she is a Texas resident.

14. This Court has personal jurisdiction over Defendant Lofton because he is a Texas resident.

15. This Court has personal jurisdiction over Defendant Lee because he is a Texas resident.

### IV.  FLSA COVERAGE

16. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

17. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

18. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

19. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

### A. **Defendant Jacobs-Heller is an employer under the FLSA.**

20. Defendant Jacobs-Heller is the owner of JAN Resources, LLC.

21. Defendant Jacobs-Heller is involved in the day-to-day business operation of Defendant JAN Resources, LLC.

22. Defendant Jacobs-Heller controlled the Plaintiff's schedule.

23. Defendant Jacobs-Heller had final authority over the content of employee handbooks.

24. Defendant Jacobs-Heller approved Plaintiff's raises, bonuses, and compensation structure.

25. Defendant Jacobs-Heller had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

26. Defendant Jacobs-Heller made the decision to classify Plaintiff as a contractor and then as a day rate paid employee.

27. Defendant Jacobs-Heller made the decision not to pay Plaintiff overtime.

28. Defendant Jacobs-Heller made the decision not to pay Class Members overtime.

29. As such, Defendant Jacobs-Heller is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

### B. Defendant Lee is an employer under the FLSA.

30. Defendant Lee is the owner of JAN Resources, LLC.

31. Defendant Lee is the manager of JAN Resources, LLC.

32. Defendant Lee is involved in the day-to-day business operation of Defendant JAN Resources, LLC.

33. Defendant Lee controlled the Plaintiff's schedule.

34. Defendant Lee had final authority over the content of employee handbooks.

35. Defendant Lee approved Plaintiff's raises, bonuses, and compensation structure.

36. Defendant Lee had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

37. Defendant Lee made the decision to classify Plaintiff as a contractor and then as a day rate paid employee.

38. Defendant Lee made the decision not to pay Plaintiff overtime.

39. Defendant Lee made the decision not to pay Class Members overtime.

40. As such, Defendant Lee is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

### C. Defendant Lofton is an employer under the FLSA.

41. Defendant Lofton is the owner of JAN Resources, LLC.

42. Defendant Lofton is the manager of JAN Resources, LLC.

43. Defendant Lofton is involved in the day-to-day business operation of Defendant JAN Resources, LLC.

44. Defendant Lofton controlled the Plaintiff's schedule.

45. Defendant Lofton had final authority over the content of employee handbooks.

46. Defendant Lofton approved Plaintiff's raises, bonuses, and compensation structure.

47. Defendant Lofton had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

48. Defendant Lofton made the decision to classify Plaintiff as a contractor and then as a day rate paid employee.

49. Defendant Lofton made the decision not to pay Plaintiff overtime.

50. Defendant Lofton made the decision not to pay Class Members overtime.

51. As such, Defendant Lofton is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

52. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage."

*Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

53. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

54. Both the individual and enterprise coverage are applicable in this case.

55. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D. Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

56. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

57. Here, Defendants employed Plaintiff and the Class as part of its water treatment business. Plaintiff's and the Class Members' regular job duties consisted of serving customers at water disposal wells using equipment, tools, and vehicles that moved through interstate commerce.

58. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

59. Here, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory minimum.

60. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, and sell equipment that moved across state lines.

## V. FACTS

61. Defendant JAN Resources, LLC provides labor to its customers' salt water disposal wells across Texas.

62. Salt water disposal wells are used to store the salt water byproduct of oil and gas fracking operations.

63. Plaintiff worked for Defendants as a water treatment operator from approximately September of 2016 through January of 2017.

64. Water treatment operators are responsible for the manual labor associated with recycling drilling water at salt water disposal wells, such as laying out tarps and containment barriers to prevent ground spills.

65. The work at the disposal well is an around the clock operation. Accordingly, Plaintiff and other water treatment operators worked at least 12 hours a day and commonly worked weeks in excess of 80 hours.

66. Plaintiff's typical work schedule was two weeks on duty followed by one week off. During his on weeks, he worked 12-15 hours a day.

67. When he was hired, Defendants classified their water treatment operators as independent contractors and paid a flat weekly salary.

68. Later, Defendants reclassified their water treatment operators as employees and paid a flat day rate.

69. Under either the independent contractor model or the employee model, Defendants failed to pay overtime.

70. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

71. In addition, Defendants instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

9

72. Moreover, the following conduct further demonstrates that Defendants acted as Plaintiff's employer during the period he and the Class Members were classified as independent contractors:

   a. Defendants required Plaintiff to turn in the hours they worked once a week just like normal hourly-paid employees;

   b. Defendants paid Plaintiff and Class Members on a non-negotiable salary it unilaterally set;

   c. Defendants required Plaintiff and Class Members to report to their assigned well at a set time;

   d. Plaintiff and Class Members had no control over which well they were assigned to work;

   e. Defendants required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

   f. Defendants provided safety training to Plaintiff and Class Members instructing them how to perform their work;

   g. Defendants assigned Plaintiff and Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

   h. Defendants controlled the amount of hours Plaintiff and Class Members worked;

   i. Defendants dictated the locations at which Plaintiff and Class Members worked;

   j. Plaintiff's and Class Members' services were integrated into Defendants' operations;

   k. Plaintiff and Class Members were required to perform their work in an order set by

Defendants;

l. Plaintiff and Class Members worked for Defendants for long periods of time, often years, as is common with employees;

m. Defendants had rules that Plaintiff and Class Members were required to follow when performing their jobs;

n. Defendants maintained the right to discharge Plaintiff and Class Members at will.

73. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendants incurred. Plaintiff and Class Members provided nothing but their labor. On the other hand, Defendants provided equipment worth hundreds of thousands of dollars including storage tanks and pumps, not to mention all the tools necessary for Plaintiff and the Class Members to perform their work.

74. A substantial portion of Defendants' annual revenue is derived from work performed by Plaintiff and Class Members. Without the labor provided by their water treatment operators, Defendants could not operator as a well service company.

75. Despite these facts, Defendants improperly classified Plaintiff and Class Members as independent contractors and not employees.

76. However, at all times, the water treatment operators and other similarly situated workers were employees of Defendants, as that term is defined under the FLSA and interpretative case law.

77. Because Plaintiff and the Class Members were employees and not independent contractors, Defendants violated the FLSA by misclassifying them as independent contractors and paying a flat weekly salary without overtime.

78. Once Defendants reclassified Plaintiff and the Class Members as employees,

Defendants still used a compensation system that violated the FLSA by paying a day rate without overtime.

79. Under the applicable regulation:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours working in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hour worked in excess of 40 in the workweek.

29 C.F.R. § 778.112.

80. However, Defendants failed to pay the "extra half-time pay" mandated by 29 C.F.R. § 778.112 and only paid Plaintiff and the Class Members a day rate.

81. Once Defendants classified Plaintiff as an employee, his duties did not change at all.

82. No FLSA exemption applies to employees such as Plaintiff and Class Members.

83. Plaintiff and the Class Members performed manual labor, outdoors in all weather conditions, not office work.

84. Plaintiff and the Class Members worked in non-supervisory positions.

85. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

86. Defendants have employed at least 20 other water treatment operators within the three years prior to the filing of this lawsuit.

87. Defendants have employed at least 40 other water treatment operators within the three years prior to the filing of this lawsuit.

88. Defendants have employed at least 20 other workers within the three years prior to the filing of this lawsuit who have held the same job title as Plaintiff.

89. Defendants have employed at least 20 other workers within the three years prior to the filing of this lawsuit who have been paid in a same or similar manner as the Plaintiff.

90. Defendants have classified as independent contractors at least 20 other workers who perform the same or similar work as Plaintiff within the three years prior to the filing of this lawsuit.

91. Defendants have classified as employees and paid a day rate at least 20 other workers who perform the same or similar work as Plaintiff within the three years prior to the filing of this lawsuit.

## VI. VIOLATION OF 29 U.S.C. § 207

92. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

93. Defendants' practice of failing to pay Plaintiff and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

94. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and Class Members.

## VII. COLLECTIVE ACTION ALLEGATIONS

95. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek because of Defendants' misclassification of its employees and Defendants' day rate only payment structure.

96. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work throughout Texas.

97. Other workers similarly situated to the Plaintiff work for Defendants throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

98. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

99. Defendants misclassified the Class Members as independent contractors and now misclassifies the Class Members as exempt and pays only a day rate.

100. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors and then misclassified as exempt by Defendants.

101. Class Members are not exempt from receiving overtime pay under the FLSA.

102. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

103. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

104. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

105. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

106. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

107. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused financial harm to all Class Members.

108. As such, the classes of similarly situated Plaintiffs is properly defined as follows:

> **Independent Contractor Misclassification Class:** All current and former salaried paid water treatment operators, and all workers in substantially similar positions, classified as independent contractors who performed work for Defendants throughout the United States during the three-year period before the filing of this Complaint.
>
> **Day Rate Class:** All current and former day rate paid water treatment operators, and all workers in substantially positions, who performed work for Defendants throughout the United States during the three-year period before the filing of this Complaint.

## VIII. DAMAGES SOUGHT

109. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

110. Plaintiff and Class members are also entitled to an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

111. Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

112. Plaintiff and Class Members hereby demand trial by jury on all issues.

## X. PRAYER

113. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS