UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| RICKEY BELL, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:17-cv-49 |
| V. | § § | JURY TRIAL DEMANDED |
| JAN RESOURCES, LLC, KATHRYN JACOBS-HELLER, JAMES LOFTON, and JAMES LEE. | § § § § | |
| Defendants. | § | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiff Rickey Bell on Behalf of Himself and on Behalf of All Others Similarly Situated **("Plaintiff")** and JAN Resources, LLC, Kathryn Jacobs-Heller, James Lofton, and James Lee **("Defendants")** (collectively **"Parties"**) file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice and in support would show as follows:

### I.   Summary

1.01    The Parties have reached a settlement of Plaintiff's claims related to unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. **("FLSA")**. This settlement provides certain Oil Field Operators who provided services to Defendants with an opportunity to make a claim for unpaid overtime damages. This settlement was the result of arm's length negotiations conducted by experienced counsel for all parties, and after the exchange of necessary information. The terms of this settlement are reasonable, appropriate, and fair to all involved. Accordingly, the Parties ask the Court to approve this settlement and enter an Order dismissing this lawsuit.

## II. Background Information

2.01   This is an action brought by Plaintiff on behalf of himself and on behalf of all others similarly situated pursuant to the FLSA.  The lawsuit was filed on Marcy 7, 2017.  In the lawsuit, Plaintiff alleged that Defendants failed to comply with the FLSA by failing to pay him and/or others overtime compensation.  Plaintiff sought the recovery of unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses, as well as such other and further relief to which Plaintiff and the purported class members might be entitled.

2.02   Defendants have at all times denied any liability or wrongdoing, and disputes Plaintiff's claims.  However, Defendants have determined that in order to avoid the expenses and expenditures associated with continued litigation, it was in Defendants' best interest to resolve this lawsuit.

## III.  Settlement

3.01   The Parties now seek Court approval of their agreed settlement documents.  The settlement represents a fair compromise of a bona fide dispute concerning the compensation practices at issue and the hours worked by Plaintiff and others.  This settlement is not a mere compromise of guaranteed substantive rights under the FLSA.

3.02   Prior to engaging in settlement discussions, the Parties independently and collectively thoroughly investigated the claims and defenses at issue.  Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records and conducting witness interviews.  These efforts provided all parties involved with great insight as to potential liability, the range of recovery at issue, and the specific financial condition of Defendants.  These efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding Defendants' alleged failure to pay overtime

compensation, allowed all Parties to intelligently, and in good faith, weigh both the risks and benefits of costly and time-consuming continued litigation.

3.03   The settlement was negotiated by attorneys who have experience prosecuting or defending this and similar claims. Both sides have had considerable experience prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.[1]  After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement, the notice program, and the scope of the release. The settlement documents are the product of comprehensive discussion and negotiations.

3.04   The key details of the proposed settlement have been set forth in the Settlement and Agreement and Release which has been attached as Exhibit 1.

3.05   The terms of the settlement have been memorialized in a comprehensive settlement agreement.

### IV. Approval of Settlement is Justified and the Lawsuit Should be Conditionally Dismissed

4.01   The Parties are now seeking Court approval of the settlement under the FLSA.[2]

4.02   The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. As noted above, this proposed

---

[1] *Austin v. Pennsylvania Dep't of Corrs.,* 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 410 F. Supp. 659 (D. Minn. 1974)("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

[2] *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *Camp v. The Progressive Corp., et al.,* 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.,* 475 U.S. 717, 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

settlement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by Defendants and the possibility that Defendants may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of the claims.  Moreover, given the financial uncertainty associated with continued litigation and the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with a trial and appeal.

4.03   Therefore, the Parties request that the Court:

    a.   Approve this settlement, including all of the terms set forth in the Settlement Agreement; and

    b.   Sign the attached Order Approving the Settlement Agreement and dismiss this lawsuit with prejudice;

Respectfully submitted,

*By: /s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

**AND**

        STURM LAW, PLLC

        */s/ Charles A. Sturm*
        CHARLES A. STURM
        csturm@sturmlegal.com
        *Attorney in Charge*
        Texas Bar No. 24003020
        Federal Bar No. 21777
        712 Main Street, Suite 900
        Houston, Texas 77002
        (713) 955-1800 [Telephone]
        (713) 955-1078 [Facsimile]
        *Attorney-in-Charge for Defendant JAN Resources, LLP, Kathryn Jacobs-Heller, James Lofton, and James Lee*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 23, 2018, a true and correct copy of the foregoing document was forwarded as indicated below to the following counsel of record:

        */s/ Beatriz Sosa-Morris*
        Beatriz Sosa-Morris